IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB TOWNLEY HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>R. T. C. GROUNDS, Warden,<br><br>　　　　Respondent. | No.　C 14-1605 JSW (PR)<br><br>**ORDER GRANTING MOTION TO STAY; ADMINISTRATIVELY CLOSING CASE; ON PENDING MOTIONS**<br><br>(Dkt. 12, 13, 14) |

　　　　Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. Respondent was ordered to show cause why the petition should not be granted based upon six exhausted claims set forth therein. Respondent filed an answer and supporting memorandum and exhibits.

　　　　Petitioner moves for a stay of proceedings to allow him to exhaust an additional claim that appellate counsel was ineffective in failing to sharing witness declarations with him, discuss the contents with him or an investigator to whatever extent the trial court's gag order about such declarations was no longer in effect. The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005). Such stays can, however,

only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.* The claim that appellate counsel was ineffective is certainly potentially meritorious because if it is proven then it would establish a violation of his constitutional rights and entitle him to federal habeas relief. There is cause for the failure to raise or exhaust this claim earlier. Petitioner does not agree with Respondent's argument that the gag order was no longer in effect after trial, and thus Petitioner had no reason to make the present claim until Respondent made this argument in answering the instant petition. Therefore, the motion for a stay is GRANTED.

This case is STAYED to allow Petitioner to present his unexhausted claim in state court. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, Petitioner **must** notify this Court within thirty days after the state courts have completed their review of his claims. The notice **must** clearly identify in the caption that it is to be filed in this case, and the caption must include the case number (No. C 14-1605 JSW (PR)). If he fails to do so, this Court may vacate the stay and act on this petition based solely on the claims in the original petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

If Petitioner wants his new claim of ineffective assistance of appellate counsel to be considered after it is exhausted, he must include it in an amended petition filed **at the same time** as the notice of exhaustion. The amended petition **must** include the case number and the words "FIRST AMENDED PETITION" on the front page, and **must** number each and every claim he raises.[1] The amended petition supercedes the original

---

[1] Petitioner's claims are not numbered in the original petition or proposed amended petition. He must number them in any future amended petition.

2

1 petition and may not incorporate anything from the original petition by reference, such
2 that any claim not included in the amended petition (even those in the original petition)
3 will be deemed waived and will not be considered. Therefore, the amended petition
4 should include all of the previously exhausted claims from the original petition as well as
5 the newly exhausted claim that appellate counsel was ineffective.

      In light of the stay of this matter, the motions for appointment of counsel, to serve him with exhibits, and to file an amended petition are DENIED as moot, without prejudice to petitioner renewing such motions after the stay is lifted and the case is reopened.

      The Clerk shall administratively close this case; this closure has no legal effect. When Petitioner files the notice of exhaustion and amended petition, or a motion to lift the stay, then the stay will be lifted, the case reopened, and further proceedings scheduled.

      IT IS SO ORDERED.

DATED: December 17, 2014

JEFFREY S. WHITE
United States District Judge

3